UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, DIVISION OF VOCATIONAL REHABILITATION, HO'OPONO - SERVICES FOR THE BLIND,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE ARMY, BY AND THROUGH THE HONORABLE CHRISTINE WORMUTH, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE ARMY;<br><br>　　　　　Defendants. | CIV. NO. 21-00310 LEK-RT |

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

　　　　Before the Court is the Amended Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), filed by Plaintiff State of Hawai`i, Department of Human Services, Division of Vocational Rehabilitation, Ho`opono - Services for the Blind ("Ho`opono") on July 29, 2021. [Dkt. no. 24.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Hoopono's Motion is denied as to both the request for a temporary

restraining order ("TRO") and the request for a preliminary injunction.

## BACKGROUND

### I. Underlying Events and CV 17-430

The instant case follows after <u>State of Hawai`i, Department of Human Services, Division of Vocational Rehabilitation, Ho`opono - Services for the Blind v. United States Department of Education, Rehabilitation Services Administration</u>, CV 17-00430 LEK-RT ("CV 17-430"), and the underlying facts are set forth in the Order: Granting in Part and Denying in Part Plaintiff's Appeal; Affirming in Part and Reversing in Part the Arbitration Panel's July 24, 2017 Decision; and Remanding the Case to the Arbitration Panel ("CV 17-430 Order"). [CV 17-430 Order, filed 5/27/21 (dkt. no. 107).[1]] In sum, Ho`opono is the State Licensing Agency ("SLA") for the State of Hawai`i, and it issues licenses to blind persons, pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107, *et seq.* ("the Act" or "RSA"), to allow those persons to operate vending facilities on federal properties. From 2005 to 2016, Ho`opono and the United States Department of the Army ("Army") had a contract ("Ho`opono Contract"), under which Hoopono's licensed blind vendor - James Chinn ("Chinn") with his

---

[1] The CV 17-430 Order is also available at 2021 WL 2187344.

2

teaming partner - operated four cafeteria/dining facilities at the Schofield Barracks and Wheeler Army Airfield (collectively, "Schofield"). The Ho`opono Contract was for the provision of full food service ("FFS") duties. CV 17-430 Order, 2021 WL 2187344, at *1; see also Joint Stipulation of Facts Regarding Plaintiff's Motion for Temporary Restraining Order ("Stipulated Facts"), filed 8/16/21 (dkt. no. 31), at ¶¶ 1, 4.

When Solicitation No. W912CN-16-R-0005 was issued to seek bids to provide services the relevant Schofield cafeteria/dining facilities for the period from 2016 to 2022 ("the Solicitation"), it was for Dining Facility Attendant ("DFA") duties only. The Solicitation provided for the RSA's priority, but the priority was later removed in an amendment to the Solicitation ("Amendment 4"). The Army did not obtain the approval of the United States Department of Education ("USDOE") before the Army removed the RSA's priority. Ho`opono objected to the removal of the RSA's priority, and the parties arbitrated the issue. The arbitration panel issued its Arbitration Decision on July 24, 2017 ("Decision"), and Ho`opono initiated CV 17-430 on August 28, 2017 to appeal the Decision. CV 17-430 Order, 2021 WL 2187344, at *1-2; see also Stipulated Facts at ¶¶ 7-9, 14.

The arbitration panel concluded that the Army could choose to apply the RSA's priority to Solicitation, but it was

not required to do so. The panel therefore ruled that Ho`opono failed to establish that the Army violated the RSA by choosing not to apply the RSA's priority in the solicitation process for the 2016-2022 Schofield contract. CV 17-430 Order, 2021 WL 2187344, at *5. In the CV 17-430 Order, this Court affirmed the arbitration panel's ruling that the RSA did not apply to the contract for DFA services at Schofield. Id. at *8. However, this Court vacated the portion of the Decision in which the arbitration panel ruled that the Army was not required to comply with the 20 U.S.C. § 107(b) justification and review requirement before limiting the FFS duties at Schofield under the Ho`opono Contract to the DFA duties called for in the Solicitation, as amended by Amendment 4. Id. at *9-10.

This Court declined to issue relief against the Army in CV 17-430 because the Army was not a party to that case, although the Army had been the respondent in the proceedings before the arbitration panel. CV 17-430 was therefore remanded to the arbitration panel to issue a decision consistent with the CV 17-430 Order. Id. at *10.

Final judgment was entered on May 27, 2021, [CV 17-430, dkt. no. 108,] the USDOE filed its notice of appeal on July 23, 2021, [id., dkt. no. 110,] and Ho`opono filed a notice of cross-appeal on August 6, 2021, [id., dkt. no. 111]. No party has requested that the CV 17-430 Order and/or judgment be

4

stayed, pending the outcome of the appeals. [Stipulated Facts at ¶ 26.] The USDOE has not convened an arbitration panel for the remand because of the pending appeals before the Ninth Circuit. [Id.]

## II. The Acorn Contract and the Instant Case

On August 10, 2017, after the Decision had been issued and before Ho`opono filed CV 17-430, the Army awarded Acorn Food Services, Inc. ("Acorn") the contract for DFA services at Schofield ("Acorn Contract"). The Acorn Contract has a one-year base period, and allows the Army to exercise up to four one-year options. [Stipulated Facts at ¶¶ 12-13.] The Army exercised the first three options, with the third option period ending on August 31, 2021. The Army has issued a notice of intent to exercise the fourth option, which would be for the period from September 1, 2021 to August 31, 2022. [Id. at ¶¶ 20-21, 23.]

Ho`opono initiated the instant case on July 16, 2021. [Verified Complaint for Declaratory and Injunctive Relief (dkt. no. 1).] The operative pleading is Hoopono's Verified Amended Complaint for Declaratory and Injunctive Relief, filed on July 26, 2021 and supplemented on July 29, 2021 (collectively "Amended Complaint"). [Dkt. nos. 18, 23.[2]] Hoopono's position

---

[2] Docket number 23 was filed to correct an error that counsel made in the district court's electronic case filing system. Docket number 23 contains the operative versions of the
(. . . continued)

5

in this case is that, based on the rulings in the CV 17-430 Order, the Acorn Contract violates the RSA, and "any affirmative action by the Army to extend the performance period of the Acorn Contract through the exercise or performance of an option (or any other voluntary provision of the Acorn [C]ontract) perpetuates" the violation. [Amended Complaint at ¶ 45.] Ho`opono seeks a declaratory judgment that the Solicitation and Amendment 4 violated the RSA, and that any continued performance of the Acorn Contract violates the RSA. Ho`opono prays for a TRO enforcing those rulings. [Id. at pgs. 15-17.] In addition, Ho`opono seeks a preliminary injunction and a permanent injunction prohibiting the Army from entering into either a DFA contract or a FFS contract for Schofield "unless the contract either: (1) includes a Randolph-Sheppard Act priority or (2) the Army has obtained a determination from the Secretary of Education that the Army's limitation (by excluding Ho`opono) is warranted under provisions of 20 U.S.C. § 107(b) and 34 C.F.R. § 395.30(b)." [Id. at pg. 17.]

    In the instant Motion, Ho`opono seeks a TRO prohibiting the Army from exercising the fourth option in the Acorn Contract. [Motion at PageID #: 543.] Similarly, Ho`opono

---

main document of the Amended Complaint and the Verification of Lea Dias. Docket number 18 contains the exhibits to the Amended Complaint.

seeks "a preliminary injunction prohibiting the Army from permitting the option period from September 1, 2021 to August 31, 2022 to be performed on the Acorn Contract." [Id.] The Court does not construe the Motion as seeking preliminary relief regarding the Army's future contracts for DFA or FFS duties at Schofield.

## STANDARD

The standard applicable to a request for a TRO and the standard applicable to request for a preliminary injunction "are substantially identical." Washington v. Trump, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citation and internal quotation marks omitted).

> In order to obtain a preliminary injunction a plaintiff must establish (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Under our "sliding scale" approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (per curiam) (citations omitted).

Hernandez v. Sessions, 872 F.3d 976, 989–90 (9th Cir. 2017). "Regardless of which standard applies, the movant always 'has the burden of proof on each element of the test.'" Taylor-Failor v. Cnty. of Hawai`i, 90 F. Supp. 3d 1095, 1099 (D.

7

Hawai`i 2015) (some citations omitted) (quoting Maloney v. Ryan, 2013 WL 3945921, at *3 (D. Ariz. July 31, 2013)).

Although the distinction "is controversial[,]" in the Ninth Circuit, a higher standard applies to a request for a mandatory injunction than the standard that applies to a request for a prohibitory injunction. Hernandez, 872 F.3d at 997.

> A prohibitory injunction prohibits a party from taking action and "preserve[s] the status quo pending a determination of the action on the merits." Chalk v. U.S. Dist. Court, 840 F.2d 701, 704 (9th Cir. 1988); see also Heckler v. Lopez, 463 U.S. 1328, 1333, 104 S. Ct. 10, 77 L. Ed. 2d 1431 (1983) (a prohibitory injunction "freezes the positions of the parties until the court can hear the case on the merits"). A mandatory injunction "orders a responsible party to 'take action.'" Meghrig v. KFC W., Inc., 516 U.S. 479, 484, 116 S. Ct. 1251, 134 L. Ed. 2d 121 (1996). A mandatory injunction "'goes well beyond simply maintaining the status quo [p]endente lite [and] is particularly disfavored.'" Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980) (quoting Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976)). In general, mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." Id. at 1115 (quoting Clune v. Publishers' Ass'n of N.Y. City, 214 F. Supp. 520, 531 (S.D.N.Y. 1963)).

Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878-79 (9th Cir. 2009) (alterations in Marlyn Nutraceuticals).

Defendants United States of America and the United States Department of the Army, by and through the Honorable

8

Christine Wormuth, in her official capacity as Secretary of the Army (collectively "the Army Defendants"), argue the Motion is subject to the higher standard because the Motion does not seek to preserve the status quo, but rather, the Motion seeks to have the Army reinstate Ho`opono as the service provider at the relevant Schofield cafeteria and dining facilities. [Mem. in Opp. to Pltf.'s Amended Motion for Temporary Restraining Order [ECF No. 19], filed 8/2/21 (dkt. no. 26), at 13-15.] Ho`opono contends the Motion seeks a prohibitory injunction because it seeks to prohibit the Army from performing the fourth option period of the Acorn Contract. According to Ho`opono, the requested TRO would not **require** the Army to contract with Ho`opono, but the Army could **choose** to do so, or the Army could choose other action. [Reply in Supp. of Amended Motion for Temporary Restraining Order and Preliminary Injunction ("Reply"), filed 8/11/21 (dkt. no. 28), at 2-3.] For example, "the Army could self-perform these services . . . , without any contractor." [Id. at 3.] While this Court is inclined to agree with the Government,[3] it is not necessary to decide whether the Motion seeks prohibitory or mandatory relief. Even assuming, *arguendo*, that that the usual TRO/preliminary injunction

---

[3] The CV 17-430 Order noted that Army Regulations prohibit Army cooks from performing janitorial duties. 2021 WL 2187344, at *2.

9

standard applies because the Motion seeks prohibitory relief, Ho`opono cannot establish the necessary requirements.

## DISCUSSION

### I. Likelihood of Success on the Merits

Because the Motion only seeks relief related to the Acorn Contract, the Court's analysis will focus upon whether Ho`opono is likely to succeed on the merits of that portion of the Amended Complaint. In essence, Ho`opono seeks a declaratory judgment that the rulings in the CV 17-430 render the Acorn Contract invalid and unenforceable. This is the same relief that Ho`opono sought in CV 17-430. In addition to seeking the entry of judgment in its favor in CV 17-430, Ho`opono asked this Court to, *inter alia*: "order the Army to terminate the existing contract[, *i.e.* the Acorn Contract,] and immediately enter a bridge contract with Ho`opono for the services currently being provided in contradiction to the Act;" and "enjoin the Army from exercising options under the existing contract that would perpetuate its violation of the Act[.]" CV 17-430 Order, 2021 WL 2187344, at *10. This Court denied those requests, concluding that the arbitration panel was the proper authority to determine the effect of the rulings in the CV 17-430. Id.

Ho`opono effectively asks this Court to reconsider the CV 17-430 Order's remedy rulings because the Army is now properly before the Court in the instant case. Ho`opono

10

arguably could have named the Army as a defendant in CV 17-430. See, e.g. SourceAmerica v. United States Dep't of Educ., 368 F. Supp. 3d 974, 985 (E.D. Va. 2019) (noting that the nonprofit groups which asserted the RSA applied to the contract at issue named the USDOE and its Secretary, as well as the Army and its acting secretary, as defendants in their civil action challenging the arbitration panel's decision).[4]  Because Ho`opono failed to do so, the issue of the CV 17-430 Order's effect on the Acorn Contract is now before the arbitration panel.  See CV 17-430 Order, 2021 WL 2187344, at *10; see also 20 U.S.C. § 107d-2(b) (stating that, if an arbitration panel "finds that the acts or practices of any such department, agency, or instrumentality are in violation of this chapter, or any regulation issued thereunder, the head of any such department, agency, or instrumentality shall cause such acts or practices to be terminated promptly and shall take such other action as may be necessary to **carry out the decision of the panel**" (emphasis added)).  Further, to the extent that Ho`opono contends this Court erred when it remanded the remedy issue to the arbitration panel, Ho`opono must allege that point of error in the appeal before the Ninth Circuit.  Ho`opono cannot use the instant case

---

[4] The district court's decision in SourceAmerica was affirmed in part, vacated in part, and remanded by the Fourth Circuit.  Kan. ex rel. Kan. Dep't for Child. & Fams. v. SourceAmerica, 826 F. App'x 272 (4th Cir. 2020).

11

to circumvent the respective proceedings before the arbitration panel and the Ninth Circuit.

This Court therefore concludes that that Ho`opono has failed to carry its burden to prove that it is likely to succeed on the merits of its claim asserting that the Acorn Contract can no longer be performed. Although "a weaker showing" as to one TRO/preliminary injunction element may be offset by "a stronger showing" as to another element, see Hernandez, 872 F.3d at 990, Ho`opono has failed to make even a weak showing as to its likelihood of success on the merits.

## II.  Irreparable Harm

Although Hoopono's failure to establish likelihood of success on the merits is fatal to the Motion, see *supra* Standards section (explaining that all four elements must be established), this Court will also address the irreparable harm requirement.

A party seeking a TRO "must show that he is under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citation and internal quotation marks omitted). Further, as a

general rule, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." <u>Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991). Ho`opono cannot obtain monetary damages from the Army under the RSA. <u>See, e.g.</u>, <u>Hawai`i, Dep't of Hum. Servs., Div. of Vocational Rehab., Ho`opono-Servs. for the Blind v. United States Marine Corps ex rel. Neller</u> ("<u>Ho`opono v. Marine Corps</u>"), CIVIL 18-00128 LEK-KJM, 2018 WL 2187977, at *7-8 (D. Hawai`i May 11, 2018).[5]

However, the Ho`opono Contract ended in 2016, and Hoopono's licensed blind vendor has not been the service provider at Schofield since that time. <u>See</u> Stipulated Facts at ¶ 4. Ho`opono itself acknowledges that it would not necessarily be offered a contract with the Army, even if the Army cannot perform the fourth option period of the Acorn Contract. <u>See</u> Reply at 3 ("The Army could enter a bridge contract with Ho`opono. But it need not, and that is not what Ho`opono asks the Court to order."). As this Court ruled when Ho`opono sought a TRO in CV 17-430, because "Ho`opono has not established either a legal or an equitable basis for" a Schofield contract if the

---

[5] 2018 WL 2187977, which issued a temporary restraining order in <u>Ho`opono v. Marine Corps</u>, was dissolved by the order entering a preliminary injunction. 2019 WL 3953950 (Aug. 21, 2019).

Army cannot perform the fourth Acorn option period, "Ho`opono has failed to carry its burden to prove that it — or Mr. Chinn — is likely to suffer irreparable harm unless this Court issues a TRO" or a preliminary injunction. [CV 17-430, Order Denying Plaintiff's Second Motion for Temporary Restraining Order ("CV 17-430 TRO Motion Order"), filed 10/20/17 (dkt. no. 27), at 7-8.[6]]

This Court therefore concludes that that Ho`opono has failed to carry its burden to prove that it is likely to suffer imminent, irreparable harm, unless this Court issues a TRO or a preliminary injunction. Although "a weaker showing" as to one TRO/preliminary injunction element may be offset by "a stronger showing" as to another element, Ho`opono has failed to make even a weak showing as to irreparable harm.

### III. Summary

Because Ho`opono has failed to establish either a likelihood of success on the merits or imminent, irreparable harm, it is not necessary to address either the balancing of the equities or the public interest. This Court therefore concludes that Ho`opono has failed to establish that the requested TRO is

---

[6] The CV 17-430 TRO Motion Order is also available at 2017 WL 6997137.

14

warranted.[7]  In addition, because the preliminary injunction analysis is the substantively identical to the TRO analysis, Ho`opono has also failed to establish that the requested preliminary injunction is warranted.

## CONCLUSION

For the foregoing reasons, Hoopono's Amended Motion for Temporary Restraining Order and Preliminary Injunction, filed July 29, 2021, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 24, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STATE OF HAWAII, ETC. VS. UNITED STATES OF AMERICA, ET AL; CV 21-00310 LEK-RT; ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

[7] As stated *supra*, this Court's analysis is limited to Hoopono's claim regarding the effect of CV 17-430 on the Acorn Contract.  This Court makes no findings or conclusions regarding Hoopono's claim regarding the effect of CV 17-430 on future solicitations for DFA or FFS contracts for Schofield.